UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TYLIER WARD, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:25-CV-189-TAV-MJD |
| THE KNOX COUNTY JAIL, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Now before the Court are Plaintiff's pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 2], motion for leave to proceed *in forma pauperis* [Doc. 1], motion for the Court to reconsider its denial of his request for the Court to secure affidavits for him [Doc. 8], and inmate trust account documents [*Id.* at 3–5]. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] before addressing his motion regarding the affidavits [Doc. 8] and his complaint [Doc. 2].

### I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As it appears from his motion for leave to proceed *in forma pauperis* [Doc. 1] and trust account statement [Doc. 8, pp. 3–5] that Plaintiff cannot pay the filing fee in a lump sum, this motion [Doc. 1] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly

deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid. 28 U.S.C. § 1915(b)(2). The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment.

## II.     MOTION FOR RECONSIDERATION

In his motion for reconsideration, Plaintiff firsts asks that the Court reexamine his request that the Court secure certain affidavits for him by stating that he cannot take these affidavits with him into federal custody but also cannot entrust them to his family [Doc. 8, p. 1]. In the alternative, Plaintiff requests that the Court provide Plaintiff with copies of the affidavits [*Id.*].

As the Court has now located the relevant affidavits in the Court's record, however [Doc. 2-1], it is apparent Plaintiff has already secured these affidavits in the Court's record. Thus, Plaintiff's request that the Court secure these affidavits for him in the Court's record is moot, and Plaintiff's motion regarding these affidavits [Doc. 8] is **DENIED in part** as moot as to this request and **GRANTED in part** only to the extent that the Clerk is **DIRECTED** to send Plaintiff a copy of the affidavits [Doc. 2-1], if she has not already done so.

2

### III. COMPLAINT

It is apparent that at least some of the claims that Plaintiff seeks to bring in his complaint [Doc. 2] arise out of unrelated incidents and are against different Defendants [*Id.* at 5, 7–32]. As such, they are not properly joined herein under Rule 20(a)(2) of the Federal Rules of Civil Procedure.

Specifically, while a plaintiff may join as many claims as he has against an opposing party under Rule 18(a), Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *See, e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner."); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, No. 2:21-CV-249, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "unless one claim against each additional defendant is transactionally related

3

to the claim against the first defendant and involves a common question of law or fact" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit)).

Accordingly, the Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint, and Plaintiff has fifteen (15) days from the date of entry of this order to file a single second amended complaint with a **short** and **plain** statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) responsible. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint . . . .").

Also, Plaintiff is **NOTIFIED** that if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in any amended complaint he files, the Court will presume that he intends to proceed as to his first listed claim, and the Court will **DISMISS** any other misjoined claims without prejudice.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the $350 filing fee;

3. The custodian of Plaintiff's inmate account is **DIRECTED** to submit payments toward the filing fee in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this order to the Court's financial deputy and the custodian of Plaintiff's inmate account;

4

5. Plaintiff's motion for reconsideration [Doc. 8] is **DENIED in part** as moot as to Plaintiff's request that the Court secure these affidavits for him, and **GRANTED in part** only to the extent that the Clerk is **DIRECTED** to send Plaintiff a copy of the affidavits [Doc. 2-1], if she has not already done so;

6. Plaintiff has fifteen (15) days from the date of entry of this order to file an amended complaint in the manner set forth above;

7. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace his previous complaint [Doc. 1];

8. Plaintiff is **NOTIFIED** that if he fails to fully and timely comply with this order, the Court shall order the case dismissed for want of prosecution without further notice;

9. Plaintiff is **NOTIFIED** that if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in any amended complaint he files, the Court will presume that he intends to proceed as to his first listed claim, and the Court will **DISMISS** any other misjoined claims without prejudice;

10. The Clerk is **DIRECTED** to send this memorandum and order to the three addresses Plaintiff listed in his previous motion [Doc. 3, p. 2];

11. Plaintiff is **NOTIFIED** that if he timely responds to this order, the Court will send all future Court orders in this case ONLY to the address from which he sends that response unless and until he notifies the Court of any new address change or he shows good cause for the Court to do otherwise; and

12. Plaintiff is **ORDERED** to immediately inform the Court and Defendants, or their counsel of record, of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address will result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE