UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| TYLIER WARD, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 1:25-CV-189-TAV-MJD |
| | ) | | |
| THE KNOX COUNTY JAIL, | ) | | |
| OFFICER MILES, and OFFICER | ) | | |
| ENSIGN, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION AND ORDER

This is a prisoner's pro se action for violation of 42 U.S.C. § 1983. Now before the Court is Plaintiff's amended complaint against the Knox County Jail, Officer Miles, and Officer Ensign [Doc. 13], which he filed pursuant to the Court's previous order [Doc. 12]. For the reasons set forth below, the Knox County Jail will be **DISMISSED**, and this action will proceed as to Plaintiff's claims that (1) Officer Miles used excessive force against him, and (2) Officer Ensign initially refused to get Plaintiff medical assistance for his injuries that resulted from the use of force by Officer Miles, despite Plaintiff's request [Doc. 13, pp. 4–5].

## I.  SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The

dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983.

II.    ANALYSIS

First, the Knox County Jail is not an entity subject to suit under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Additionally, even if the Court could liberally construe Plaintiff's complaint as against Knox County (as an entity subject to suit under § 1983 and the municipality responsible for the Knox County Jail), the

2

complaint does not contain facts that allow the Court to plausibly infer that a custom or policy of this municipality caused any violation of Plaintiff's constitutional rights, as required to state a plausible § 1983 claim against it. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (providing that a municipality may be liable only where "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury"). As such, Defendant Knox County Jail will be **DISMISSED**.

However, as Plaintiff adequately alleges that Officer Miles used excessive force against him, and that Officer Ensign initially refused to get Plaintiff medical assistance for his injuries that resulted from this use of force despite Plaintiff's request for medical treatment [Doc. 13, pp. 4–5], these claims will proceed herein.

## III. CONCLUSION

For the reasons set forth above:

1. Only Plaintiff's claims that Officer Miles used excessive force against him, and that Officer Ensign initially refused to get Plaintiff medical assistance for his injuries that resulted from this use of force despite Plaintiff's request for medical treatment will proceed herein, and Defendant Knox County Jail and all other claims are **DISMISSED**;

2. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Officers Miles and Ensign;

3. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of entry of this order;

4. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

5. Service on Officers Miles and Ensign shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the

3

Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

6.      Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action will be dismissed without further notice;

7.      Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against him; and

8.      Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE