TYLIER WARD,                          )
                                      )
            Plaintiff,                )
                                      )
v.                                    )      No.        1:25-CV-189-TAV-MJD
                                      )
OFFICER MILES and OFFICER             )
ENSIGN,                               )
                                      )
            Defendants.               )

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On March 12, 2026, the Court entered an order which, in relevant part, ordered Plaintiff to return completed service packets for Defendants within 20 days and notified Plaintiff that if he failed to timely return the completed service packets, this action would be dismissed without further notice [Doc. 14, pp. 3–4]. But Plaintiff has not complied with that order, and his time for doing so has passed. Also, the United States Postal Service returned the Court's mail to Plaintiff containing the Court's previous order as undeliverable [Doc. 15]. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district

court can enter a sua sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, Plaintiff's failure to timely comply with the Court's order is due to his willfulness or fault, as it appears that Plaintiff did not receive that order due to his failure to notify the Court of a change in his address, despite the Court previously, and repeatedly, notifying him of the requirement that he do so, and that dismissal could result from a failure to do so [Doc. 5, p. 1; Doc. 7, p. 4; Doc. 10, p. 5; Doc. 12, p. 2]. As to the second factor, Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendants. As to the third factor, as noted above, the Court notified Plaintiff that failure to timely comply with its previous order would result in dismissal of this action [Doc. 14, p. 4] and repeatedly notified Plaintiff that failure to timely update his address with the Court could result in dismissal of this case [Doc. 5, p. 1; Doc. 7, p. 4; Doc. 10, p. 5; Doc. 12, p. 2]. Finally, as to the fourth factor, alternative sanctions are not warranted, as Plaintiff was granted leave to proceed *in forma pauperis* in this action but failed to comply with the Court's clear instructions, and it does not appear that he intends to proceed

2

with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's previous order or updating the Court as to his current address, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3